Filed 1/23/14  P. v. Dumont CA3

## NOT **TO** BE **PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C073833 |
| Plaintiff and Respondent, | (Super. Ct. No. P12CRF0264) |
| v. | |
| RALPH EUGENE DUMONT, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the order denying defendant's motion to withdraw his plea.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2012, defendant Ralph Eugene Dumont pleaded no contest to making criminal threats (Pen. Code, § 422)[1] and the trial court granted him three years of formal probation with 90 days in county jail.[2] Defendant was advised the offense was a strike offense and of the consequences of having a strike conviction. On November 6, 2012, the probation officer filed a petition to revoke probation, alleging defendant had violated probation by committing a battery. On December 11, 2012, defendant filed a motion to withdraw his plea. Defendant filed another motion to withdraw his plea on February 25, 2013. On March 15, 2013, after a contested hearing, the trial court denied the motions.

Defendant filed a notice of appeal on April 5, 2013, appealing the order entered on March 15, 2013. His request for a certificate of probable cause was denied. He filed a second notice of appeal on May 14, 2013, indicating he was appealing the June 11, 2012 judgment, the March 15, 2013 order, and the April 5, 2013 order. The trial court notified defendant the notice of appeal was untimely as to the June 11, 2012 judgment. Accordingly, the notice of appeal was marked "Received But Not Filed" with respect to that judgment. As to the other orders, defendant's request for a certificate of probable cause was denied.

We appointed counsel to represent defendant on appeal. Counsel requested we deem the April 5, 2013 notice of appeal as though it had been constructively filed as to the June 11, 2012 judgment. We denied the request.

Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine

---

[1] Undesignated statutory references are to the Penal Code.

[2] According to defendant's appellate counsel, the underlying incident involved defendant's wife who called police because defendant was intoxicated, yelling and screaming, and threatening to "slit her throat and kill her."

whether there are any arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  Defendant filed a supplemental brief raising a number of allegations that appear related to the validity of the underlying plea and the June 11, 2012 judgment.  That matter is not properly before us on appeal.  We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order denying defendant's motion to withdraw his plea) is affirmed.


                                                     BUTZ              , J.


We concur:


      BLEASE        , Acting P. J.


      ROBIE          , J.